**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0236, <u>In the Matter of John Raymond and Jill Raymond</u>, the court on January 18, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, John Raymond (husband), appeals a final decree by the Circuit Court (<u>DalPra</u>, M., approved by <u>Introcaso</u>, J.) in his divorce from the respondent, Jill Raymond (wife). He contends that: (1) the evidence was insufficient to support the trial court's alimony award to the wife, <u>see</u> RSA 458:19 (2018) (amended 2018); and (2) the trial court erred by awarding him less than half the equity in the marital home, <u>see</u> RSA 458:16-a (2018). We assume without deciding that these issues are preserved.

We first address whether the trial court erred in its alimony award. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. <u>Walker v. Walker</u>, 158 N.H. 602, 608 (2009). We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. <u>Id</u>. We view the evidence in the light most favorable to the plaintiff. <u>Id</u>.

A trial court has broad discretion in fashioning a final divorce decree and in managing the proceedings before it. <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 792 (2015). We will not overturn a trial court's rulings absent an unsustainable exercise of discretion. <u>Id</u>. This means that we review the record only to determine whether it contains an objective basis upon which to sustain the trial court's discretionary judgment. <u>Id</u>.

RSA 458:19, I, authorizes the trial court to award alimony if: (1) the party in need lacks sufficient income, property, or both to provide for her reasonable needs, considering the style of living to which the parties were accustomed during the marriage; (2) the payor is able to continue to meet his own reasonable needs, considering the style of living to which the parties were accustomed during the marriage; and (3) the party in need cannot be self-supporting through appropriate employment at a standard of living that meets reasonable needs.

In determining the amount of alimony to award, the trial court must consider: the length of the marriage; the age, health, social or economic status,

occupation, amount and sources of income, the property awarded under RSA 458:16-a, vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income; the fault of either party as defined in RSA 458:16-a, II(l); and the federal tax consequences of the order. RSA 458:19, IV(b); Kempton, 167 N.H. at 802.

In this case, the trial court granted the wife $2,000 per month in alimony until she remarried, cohabited, or died, or until the husband retired. At the time of the final hearing, the wife was 52, the husband was 51, they had three adult children, and they had been married approximately 30 years. The trial court found, consistent with the wife's testimony, that her multiple health conditions precluded her working full-time. It further found that the wife's reasonable expenses substantially exceeded her income and that the husband was "financially able to pay alimony for a significant period of time."

The husband argues that the trial court did not analyze the statutory factors. See RSA 458:19, VI (requiring trial court to specify written reasons for grant of alimony). However, it made detailed findings regarding the parties' incomes and expenses, their ages, the wife's health and inability to work full-time hours, their occupations, the wife's need to purchase health insurance, the husband's access to overtime, and the reduction in his income since the parties had separated. It noted that it had no information regarding the parties' joint debt because the husband refused to comply with its discovery orders. We conclude that the trial court's analysis satisfies RSA 458:19, VI.

The husband argues that the trial court overstated his income. However, the trial court's finding that his weekly income exceeded $2,000.00 is supported by his 2017 W-2 – Wage and Income Tax Statement. The trial court's statement, in its order on reconsideration, that it based its weekly income finding on the husband's February 2018 pay stub is a harmless error. We note that the husband has earned significantly more income in the past and that he testified that, although overtime was currently less available to him, access to it is dictated by mandatory job changes, which take place every six months, and is governed by seniority, which, presumably, he would be accruing.

The husband further argues that the trial court overstated his expenses while understating the wife's expenses. However, any such errors would have inured to his benefit. The husband argues that the trial court did not consider the impact of his mandatory retirement deductions upon his ability to pay alimony. However, he failed to supply the trial court with complete information regarding his pension or those deductions.

The husband next argues that the evidence does not support an award of indefinite alimony because the primary purpose of alimony is rehabilitative, the wife offered no expert testimony regarding her health or her inability to work full-time, and there was no evidence regarding the wife's ability to work more hours

2

at a different job.  However, the husband conceded that the wife was diagnosed with a serious chronic illness a number of years earlier.  Moreover, the wife testified that she had recently contracted another serious illness for which she had postponed treatment due to the divorce.  She testified that she had significantly increased the number of hours she worked when the parties separated, but that she was physically unable to work additional hours.  The husband does not cite, nor are we aware of, authority requiring expert testimony on these topics.

Viewing the evidence in the light most favorable to the wife, see Walker, 158 N.H. at 608, we conclude that the record contains an objective basis for the trial court's discretionary judgments regarding alimony, see Kempton, 167 N.H. at 792.

We next address whether the trial court erred in dividing the equity in the marital home.  Although RSA 458:16-a, II creates a presumption that an equal distribution of marital property is equitable, marital property is not to be divided by some mechanical formula, but in a manner deemed "just" based upon the evidence presented and the equities of the case.  Kempton, 167 N.H. at 799.  The statute enumerates various factors for the court to consider, including the duration of the marriage, each party's age, health and employability, each party's opportunity to acquire further income and assets, and anticipated pension or retirement benefits.  RSA 458:16-a, II.  The trial court may also consider "[a]ny other factor [it] deems relevant" in equitably distributing the parties' assets.  RSA 458:16-a, II(o).  The court need not consider all of the enumerated factors or give them equal weight.  Kempton, 167 N.H. at 799.  Because trial courts have broad discretion in determining matters of property distribution in fashioning a final divorce decree, we will not overturn the trial court's decision absent an unsustainable exercise of discretion.  Id.

In this case, the trial court awarded the husband 35 percent of the equity in the marital home.  The trial court found this award equitable because of:  (1) the husband's earning capacity and ability to acquire future assets, which far exceed the wife's earning capacity and ability to acquire assets; (2) the husband's "failure to comply with several court orders resulting in findings of contempt"; and (3) the wife's health.

The husband argues that the alimony award reduced the parties' income disparity and his ability to acquire additional assets.  However, even after the alimony award, the wife's income is significantly lower than the husband's income.  Furthermore, the husband testified that he had received a raise in the previous year and anticipated another in the current year.  Moreover, through 2016, when the parties separated, the husband had worked significant overtime, thereby increasing his income substantially.  The trial court could have reasonably inferred that the husband's income would increase in the future.  The

husband also anticipated receiving a pension, the amount of which he failed to disclose to the trial court.

The husband argues that the trial court also made him solely responsible for the parties' debt. However, his failure to comply with discovery orders left the trial court without information regarding the debts. The husband argues that he should not be further sanctioned for his repeated contempt because he has been assessed $1,200 for the wife's attorney's fees. However, the trial court may consider any factor it deems relevant in equitably distributing the parties' assets. RSA 458:16–a, II(o).

On this record, we conclude that the trial court's award of the equity in the marital home is supported by the record and not legally erroneous. See Kempton, 167 N.H. at 799.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**